See Attachment

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NURADEEN ALAMIN,                      : CIVIL NO: 1:CV-00-1988
                                      :
            Plaintiff,                :
                                      : (Judge Caldwell)
      v.                              :
                                      : (Magistrate Judge Smyser)
J. MINER, TROY LEVI,                  :
M.L. FURMAN, R. ADAMS and             :
M. FETZER,                            :
            Defendants                :

**REPORT AND RECOMMENDATION**

FILED
HARRISBURG, PA

NOV 21 2000

MARY E. D'ANDREA, CLERK
Per _____
              Deputy Clerk

The plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint on November 14, 2000. The plaintiff also filed an application to proceed *in forma pauperis*.

The plaintiff alleges that defendant Furman intentionally destroyed his request to be transferred to the "Work Cadre" at M.D.C. Brooklyn.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

It is recommended that the plaintiff's complaint be dismissed.

28 U.S.C. § 1915A provides, in part:

**(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, 42 U.S.C. §1997e provides:

The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

Liability in a *Bivens* action may not be based on *respondeat superior*. *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). An action against supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

In the instant case, the plaintiff's complaint does not contain any factual averments regarding any of the defendants other than defendant Furman. Accordingly, the complaint fails to state a *Bivens* claim against defendants Miner, Levi, Adams and Fetzer.

The complaint does allege that defendant Furman intentionally destroyed the plaintiff's request to be

3

transferred to the "Work Cadre" at M.D.C. Brooklyn. The complaint fails to state a due process claim against defendant Furman because the plaintiff does not have a liberty interest in being transferred to another prison, see *Meachum v. Fano*, 427 U.S. 215 (1976), in any particular prison employment, see *Bryan v. Werner*, 516 F.2d 233 (3d Cir. 1975), or in being placed in a work release program, see generally *Asquith v. Dept. of Corrections*, 186 F.3d 407 (3d Cir. 1999).

Based on the foregoing, it is recommended that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915A and 42 U.S.C. §1997e and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

DATED: November 21, 2000.

4

```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
NURADEEN ALAMIN,                    : CIVIL NO: 1:CV-00-1988
                                    :
        Plaintiff,                  :
                                    : (Judge Caldwell)
        v.                          :
                                    : (Magistrate Judge Smyser)
J. MINER, TROY LEVI,                :
M.L. FURMAN, R. ADAMS and           :
M. FETZER,                          :
                                    :
        Defendants                  :
```

**FILED**
HARRISBURG, PA

NOV 2 1 2000

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_J. Andrew Smyser_
Magistrate Judge

Dated: November 21, 2000.

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                     November 21, 2000
```

Re:   1:00-cv-01988     Alamin v. Miner

True and correct copies of the attached were mailed by the clerk to the following:

```
    Nuradeen Alamin
    FPC-ALLENWOOD
    F.P.C. Allenwood
    42711-053
    P.O. Box 1000
    Unit B-1
    Montgomery, PA   17752
```

```
cc:
Judge                          ( )
Magistrate Judge               ( )
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                    to: US Atty Gen   ( )  PA Atty Gen   ( )
                                        DA of County  ( )  Respondents   ( )
Bankruptcy Court               ( )
Other  Order                   ( )
```

MARY E. D'ANDREA, Clerk

DATE:  11/21/00                        BY: _____
                                            Deputy Clerk