UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NURADEEN ALAMIN, : CIVIL No. 1:CV-00-1988
    Plaintiff :
: * PRO - SE *
:
Vs. : (Judge Caldwell)
:
: (Magistrate Judge Smyser)
J. MINER, TROY LEVI, :
M.L. FURMAN, R. ADAMS and :
M. FETZER, :
    Defendants :

TO THE HONORABLE JUDGE CALDWELL:
U.S. District Judge

<u>Reply Brief To Magistrate Judge Report And Recomendation</u>

    In striking the balance that the due process clause demands as a mayor consideration militating against adopting the full range of the procedure. Indeed, it is pressed upon us that the proceeding to ascertain sandtion of misconduct themselves play a mayor role in furthering the institutional goal of modifyning the behavior and the value systems of prison inmates sufficiently to permit them to live within the law when they are released. Inevitabl there is great range of personality and character among those who have transgressed the criminal law. Some are more amenable to suggestion and persuasion than others. Some may be incorrigible and would merely disrupt and exploit the disciplinary process for their own ends.

    Furtheremore, the very nature of due process negates any

1

RE: <u>NURADEEN ALAMIN v. WARDEN: J. MINER</u>
    Civil No:  1:CV-00-1988

concept of inflexible procedure universally applicable to every imaginable situation." [C]oncideration of what procedures due process may require under any given set of circunstances must begin with determination of the precise nature of the government function involved as well as of the private interest that has been affected by <u>governmental action</u> the court did not reach to the question, that of an inmate protected liberty interest are not greater than the B.O.P. choose to allow, one is really little more than the slave described in the 19 Century cases. I think it is clear that the plaintiff retains an unalienable interest in liberty <u>at the very minimum the right to be treated</u> with dignity - which the Constitution may never be ignore.

  Imprisonment is intended to accomplish more than the temporary removal of the offender from society in order to prevent him  from committing like offenses during the period of his incarceration, while in custody denies the inmate the opportunity to afford,  it also giving the opportunity to improve one self to acquire skill and habits that will help plaintiff to participate in an open society after been release.  Whit in the prison community, it my hypothesis is correct, plaintiff has a protectal right to pursue his limited rehabilitative goals, or at the minimum to maintain whatever attributes of dignity are associated with in a tightly controlled society.

2

RE: <u>NURADEEN ALAMIN v. WARDEN: J. MINER</u>
    Civil No. 1:CV-00-1988

As the record clearly shows that the plaintiff haven't had a visiting since his incarceration on FPC Allenwood or FCI Allenwood Pennsylvania. This can be verified through my visiting records at both prisons central file.

### CONCLUSION

For the reasons stated above plaintiff very respectfully request from this Hon. Court the his Constitutional right be protected by grante said motion and find the prisons officials name in the agreevience, liable for the violation of the Fifth and Eight and Fourthteen Amendment rights of the U.S. Constitution.

Signed by: December 02, 2000

NURADEEN ALAMIN    * Pro-se *
Reg. No. 42711-053
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

3

CERTIFICATE OF SERVICE

I certify that on December 02, 2000, I mailed a copy of this brief and all attachments via first class mail, to the following parties at the address listed below:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
228 WALNUT STREET
P.O. Box 983
HARRISBURG, PA 17108

PLEASE SERVE THIS COPY TO:

A.U.S.A.

PROOF OF SERVICE FOR INSTITUTIONALIZED OF
INCARCERATED LITIGANTS

I certify that this document was given to prison officials on December 02, 2000, for forwarding to The United States District Court for the Middle District of Pennsylvania.

I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746

PA, December 02, 2000

NURADEEN ALAMIN
Reg. No. 42711-053
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752